Arthur B. Berger (6490)
S. Brandon Owen (9971)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
aberger@rqn.com
bowen@rqn.com

*Attorneys for Plaintiff Franklin Covey Co.*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANKLIN COVEY CO., a Utah corporation, <br><br> Plaintiff, <br><br> v. <br><br> MARK W. BODNARCZUK, an individual, and THE BRECKENRIDGE INSTITUTE, a Colorado corporation, <br><br> Defendants. | **COMPLAINT** <br><br> Civil No. 2:16-cv-00779-DBP <br><br> Magistrate Judge Dustin B. Pead <br><br><br> **(Jury Demanded)** |

Plaintiff Franklin Covey Co. ("Franklin Covey") complains of Defendants Mark W.

Bodnarczuk ("Bodnarczuk") and The Breckenridge Institute ("Breckenridge") (collectively

"Defendants"), and alleges as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1.     This action is based, inter alia, on Defendants' creation and distribution of materials and training programs called the SEE DO GET PROCESS.  Defendants' materials infringe trademarks and copyrights owned and used by Franklin Covey.

2.     Notwithstanding Franklin Covey's exclusive rights in these works, Defendants created and/or distributed the SEE DO GET PROCESS materials, which are substantially similar to Franklin Covey's materials and which create a likelihood of confusion.  Defendants' conduct violates federal and state law and has caused, and continues to cause, irreparable harm to Franklin Covey.  Moreover, in light of the facts below, Defendants' conduct constitutes a knowing and willful infringement of Franklin Covey's rights.  As remedies for these wrongs, Franklin Covey seeks money damages, preliminary and permanent injunctions, its costs of suit and attorneys' fees, and other relief as set forth below including the cancellation of U.S. Trademark Registration Number 3,390,092 for the SEE-DO-GET PROCESS mark.

## THE PARTIES

3.     Franklin Covey is a Utah corporation with its principal place of business at 2200 West Parkway Blvd., Salt Lake City, UT 84119.

4.     On information and belief, Defendant Bodnarczuk is a resident of the State of Colorado.

5.     On information and belief, Bodnarczuk, controls, and/or has the right to control, Defendant Breckenridge.

6.     On information and belief, Bodnarczuk has profited from the infringing activities described herein.

7.     On information and belief, Defendant Breckenridge is a Colorado corporation with its principal place of business in the State of Colorado.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338.

9.     This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.     On information and belief, this Court has personal jurisdiction over Defendants pursuant to Utah Code Ann. § 78B-3-205(1), (3), due to their transacting and doing business in this state, conducting infringing activity in this state, and causing other tortious injury in this state.

11.     On information and belief, Bodnarczuk was a facilitator of Franklin Covey, received consulting advice from Franklin Covey from which Breckenridge benefited and either or both Bodnarczuk and Breckenridge referenced Franklin Covey in his or its writings.

12.     On information and belief, venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b), (c).

## FRANKLIN COVEY'S RIGHTS IN THE SEE DO GET TRADEMARK

13.     Franklin Covey is a global company specializing in performance improvement. Franklin Covey helps organizations achieve results that require a change in human behavior and has expertise in seven areas: leadership, execution, productivity, trust, sales performance,

customer loyalty and education. Franklin Covey clients include 90 percent of the Fortune 100 companies, more than 75 percent of the Fortune 500 companies, thousands of small and mid-sized businesses, as well as numerous government and educational institutions.

14.     Created in 1997 by the merger of Franklin Quest Inc. and the Covey Leadership Center, two successful organization training companies, Franklin Covey serves a list of clients worldwide and has more than 100 offices providing professional services in over 150 countries.

15.     Since 1986, Franklin Covey has continuously used the SEE DO GET concepts, methodology, model, content, and/or SEE-DO-GET trademarks (the "Mark" or the "SEE DO GET Trademark") throughout the world and in many foreign countries to identify its  multi-faceted services including services related to coaching, training, education, and conducting seminars, workshops, lectures and classes in the field of leadership, sales, management, communication, education, corporate and personal assessment and measurement, and personal development.  The SEE DO GET process and the corresponding SEE DO GET mark are at the heart of many of Franklin Covey's core and top-selling programs, including, but not limited to Franklin Covey's *The 7 Habits of Highly Effective People*® training program.  The services associated with the SEE DO GET Trademark include a model and process that play an important role in connection with Franklin Covey's signature and globally recognized brand "The 7 Habits of Highly Effective People®".  The SEE DO GET model is the foundation to the introduction of the 7 Habits.

16.     Franklin Covey has an exceptional reputation for its trusted and high quality services that consumers associate with the Mark, and developed a loyal cliental and successful business based on the same.  This exceptional reputation is the result of outstanding educational

services and a significant investment of time and resources over the past twenty-eight years of

Franklin Covey's and its predecessor's existence.

17.     Due to Franklin Covey's efforts, its Mark is well known throughout the world and

is associated with high quality and trusted training, consulting, coaching, and educational

services.

18.      Franklin Covey thereby built up, owns, and is a beneficiary of valuable goodwill,

represented by its SEE DO GET Trademark.

19.     Defendants' unlawful use of the SEE DO GET Trademark in association with

their educational services falsely suggests a connection between Defendants and their services on

the one hand and Franklin Covey on the other.  This false suggestion of affiliation, sponsorship,

or approval deceives, misleads, and confuses the public.

## FRANKLIN COVEY'S COPYRIGHTS

20.     Franklin Covey developed, advertises, markets, and distributes a number of

training programs and curricula involving the SEE DO GET Trademark, including materials

and programs related to Franklin Covey's flagship programs developed from Dr. Stephen R.

Covey's book *The 7 Habits of Highly Effective People*®.

21.     Franklin Covey holds valid copyrights in its SEE DO GET materials (including

literature, manuals, videos, and presentations) that were duly and properly registered with the

United States Copyright Office.  Some examples of Franklin Covey's copyrights in its SEE DO

GET materials include the below-listed registrations.  True and correct copies of the

Registration Certificates or the United States Copyright Office Public Catalog listings bearing

the respective numbers TX8032030 (for the 7 Habits For Managers (Participant Manual)),

TX8031921 (for The 7 Habits Maximizer (Manual)), SR0000708873 (for The 7 Habits of

Highly Effective People Signature Program (Manual, CD & DVD)), TX8033888 (for the 7 H of

5

HEP Signature Program v 3.0 (Participant Manual)), TX8061995 (for the 7 Habits Version 4.0 Signature Series Participant Manual), TX0007325925 (for The 7 Habits of Highly Effective People Signature Program), TX0005906302 (for The 7 Habits of Highly Effective People Personal Workbook/ Stephen R. Covey), TX4162379 (for The Seven  Habits of Highly Effective People), TX0002778504 (for the 7 Basic Habits of Highly Effective People: Profile Program: Personal Feedback Report for J. Wayne, Sample Covey), SR0000157998 (Living the 7 Habits / Stephen R. Covey), TX0005926407 (for The 7 Habits Journal for Teens / Sean Covey), TX0006909847 (for The 7 Habits of Happy Kids), TX0007185735 (for The 7 Habits of Happy Kids: Habit Three (A Place For Everything)), TX0007049916 (for The 7 Habits of Happy Kids: Habit One (Just The Way I Am)), TX0007055985 (for The 7 Habits of Happy Kids: Habit Two (When I Grow Up)), TX0002680685 (for The 7 Habits of Highly Effective People), TX0005332002 (for The 7 Habits of Highly Effective People / Stephen R. Covey), TX0005345444 (for The 7 Habits of Highly Effective People. By Stephen R. Covey. Miniature Ed.), TXU000718194 (for The Seven Habits of Highly Effective People), TXU000718852 (for The Seven Habits of Highly Effective People), TX0004950277 (for The 7 Habits of Highly Effective Teens), TX0006086702 (for The 7 Habits of Highly Effective Teens: Personal Workbook / Sean Covey), TX0004683996 (for The 7 Habits of Highly Effective Families: Building a Beautiful Family Culture in a Turbulent World / Stephen R. Covey), TX0004153816 (for The Seven Habits of Highly Effective People (the participant supplement)) are attached hereto as Exhibits 1 through 24 and are incorporated by reference.

### DEFENDANTS' INFRINGEMENT OF FRANKLIN COVEY'S TRADEMARK AND COPYRIGHT RIGHTS

22.     On information and belief, Defendants Bodnarczuk and/or Breckenridge had business relationships, either directly or through affiliates or predecessors in interest, with

6

Franklin Covey through which they received training and information from Franklin Covey as early as 2004.

23.     On information and belief, following receipt of and participation in such training, Defendants began using the trademark SEE-DO-GET PROCESS in association with their educational services, filed for and received a federal trademark registration for this mark, U.S. Trademark Registration Number 3,390,092 (the "SEE-DO-GET PROCESS Registration") for educational services, namely, providing workshops in the field of personal, business, and organizational development at the individual, team, and organizational levels and developed corresponding written materials related to and substantially similar to Franklin Covey's SEE DO GET copyrighted materials.

24.     The SEE-DO-GET PROCESS Registration lists Bodnarczuk as the owner and lists April 28, 2006 and December 7, 2007 as the dates of first use and first use in commerce, respectively, which are after Franklin Covey's first use of the SEE DO GET Trademark. Thus, notwithstanding Franklin Covey's exclusive rights in the SEE DO GET Trademark, Defendants have made unauthorized use of Franklin Covey's Mark in connection with their educational services in a manner likely to confuse consumers.

25.     Defendants' use of Franklin Covey's Mark creates a likelihood of confusion by including multiple misleading references to the SEE DO GET mark.

26.     In addition, on information and belief, with prior knowledge of Franklin Covey's copyrighted works, Defendants created derivative works which are substantially similar to Franklin Covey's creative works and willfully infringe Franklin Covey's copyrights.

## DEFENDANTS' INFRINGING CONDUCT IS WILLFUL

27.     On information and belief, based on the Defendants' prior business relationship with Franklin Covey, and access to Franklin Covey's proprietary materials and content. Defendants have actual knowledge of Franklin Covey's trademark and copyright rights.

28.     Accordingly, Defendants' conduct is knowing and willful.

## DEFENDANTS' TRADEMARK REGISTRATION WAS FRAUDULENT

29.     On information and belief, Bodnarczuk's failed to disclose to the USPTO during the prosecution of the trademark application, which matured to registration number 3,390,092 that the term SEE DO GET was, in fact, first used by Franklin Covey on identical or nearly identical services and that Bodnarczuk was aware of Franklin Covey's use of the SEE DO GET Trademark at the time he filed his application for the SEE-DO-GET PROCESS mark.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement, 15 U.S.C. §1125

30.     Franklin Covey realleges and incorporates by this reference the preceding paragraphs of the Complaint as if fully set forth herein.

31.     Defendants' use in commerce of the Mark and similar marks is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that the Defendants' advertising and services are authorized, sponsored, or approved by Franklin Covey.

32.     The above-described acts of Defendants constitute infringement of the Mark in violation of 15 U.S.C. § 1125(a).

33.     Defendants will continue, unless enjoined, to cause irreparable harm and injury to the goodwill and reputation of Franklin Covey.

34.     As a direct and proximate result of Defendants' wrongful acts, Franklin Covey also suffered pecuniary damages from Defendants' actions in an amount to be determined at trial.

35.     On information and belief, Defendants' activities were undertaken with knowledge of Franklin Covey's rights, and thus constitute deliberate, willful, and/or intentional infringement.  As a result, Franklin Covey is further entitled to treble damages and, because this is an exceptional case, its attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Infringement of Common Law Trademarks

36.     Franklin Covey realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

37.     Franklin Covey owns and enjoys common law rights in the SEE DO GET Trademark and related trademarks.  These marks are inherently distinctive and/or have acquired distinctiveness prior to the acts of Defendants complained of herein.

38.     Defendants' actions falsely suggest a connection or association with, or authorization by, Franklin Covey, and/or are likely to cause confusion and mistake and to deceive consumers as to the source, origin, approval, sponsorship, and/or affiliation of the products offered by Defendants and those offered by Franklin Covey.

39.     Defendants' actions constitute common law trademark infringement.

40.     Defendants' actions caused Franklin Covey damages in an amount to be proven at trial.

41.     Franklin Covey is entitled to an award of exemplary and punitive damages against Defendants.

9

42.     Defendants will continue, unless enjoined, to cause irreparable harm and injury to the goodwill and reputation of Franklin Covey.

## THIRD CLAIM FOR RELIEF
### Unfair Competition – Utah Code Ann. § 13-5a-101 *et. seq.*

43.     Franklin Covey realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

44.     By publishing, promoting, and distributing their works, Defendants have engaged in intentional business acts and practices that have led and will continue to lead to a material diminution in value of Franklin Covey's trademarks.

45.     Such conduct is unlawful, and infringes Franklin Covey's valuable trademark rights.

46.     Defendants' conduct constitutes unfair competition in violation of Utah Code Ann. § 13-5a-101 *et seq.* and has damaged and will continue to damage Franklin Covey's goodwill and reputation to the irreparable injury thereof unless restrained by this Court.  Franklin Covey has no adequate remedy at law.

47.     Pursuant to Utah Code Ann. § 13-5a-103, Franklin Covey is entitled to an award of exemplary and punitive damages against Defendants.

48.     Pursuant to Utah Code Ann. § 13-5a-103, Franklin Covey is entitled to an award of its costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### Copyright Infringement – 17 U.S.C. § 501, et seq.

49.     Franklin Covey realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

50.     Franklin Covey is the sole owner in the training programs and curricula involving the SEE DO GET Trademark including materials, content and programs related to Franklin Covey's flagship services relating to its *7 Habits of Highly Effective People*® signature offerings and of the corresponding copyrights and Certificates of Registration.

51.     Defendants infringed the copyrights in Franklin Covey's materials by advertising, marketing, copying, offering, and/or distributing substantially similar materials in the United States of America without approval or authorization from Franklin Covey.

52.     Defendants (a) caused, induced, or materially contributed to unauthorized copying and distribution in the United States of America of Franklin Covey materials and had reason to know about such activities and/or (b) had the right and ability to supervise, direct and control such actions and/or (c) derived direct financial benefit from such conduct.

53.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Franklin Covey's registered copyrights.

54.     As a result of their wrongful conduct, Defendants are liable to Franklin Covey for copyright infringement.  17 U.S.C. § 501.

55.     As a result of Defendants' infringement, Franklin Covey has suffered damages, and is entitled to recover such damages from Defendants, including any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Franklin Covey is entitled to statutory damages under 17 U.S.C. § 504(c).

56.     In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

57.     Franklin Covey is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.

58.     Franklin Covey has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Franklin Covey's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Franklin Covey such that Franklin Covey could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Franklin Covey, is continuing.

59.     Franklin Covey is also entitled to recover its attorneys' fees and costs of suit.  17 U.S.C. § 505.

**FIFTH CLAIM FOR RELIEF**
**Declaratory Judgment of Fraud under 15 U.S.C. § 1115(b)(1)**

60.     Franklin Covey realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

61.     On information and belief, Bodnarczuk's United States Trademark Registration number for the 3,390,092 for the SEE-DO-GET PROCESS mark was obtained fraudulently within the meaning of 15 U.S.C. § 1115(b)(1).

62.     On information and belief, Bodnarczuk failed to disclose to the USPTO during the prosecution of the trademark application which matured to registration number 3,390,092 that the term SEE DO GET was, in fact, first used by Franklin Covey on identical or nearly identical services and that Bodnarczuk was aware of Franklin Covey's use of the SEE DO GET Trademark at the time he filed his application for the SEE-DO-GET PROCESS mark.

63.     Accordingly, there is an actual controversy concerning these issues.

64.     Pursuant to 15 U.S.C. §§ 2201, 2202, Franklin Covey is entitled to a declaratory judgment from this Court declaring that Bodnarczuk's United States Trademark Registration number 3,390,092 for the SEE-DO-GET PROCESS mark is invalid and canceling this registration.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Franklin Covey demands a trial by jury of all issues so triable.

WHEREFORE, Franklin Covey prays:

1.      That Defendants, their owners, directors, officers, agents, servants, employees, and all persons acting in concert or participation with Defendants, or any of them, be preliminarily and permanently enjoined and restrained from:

a.      Making any use, in any media, of the Mark, and any other marks confusingly similar thereto in connection with the marketing or advertising of any goods or services;

b.      Taking any other act or acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Defendants' products or services are authorized, sponsored, licensed, endorsed, promoted, or condoned by Franklin Covey or are otherwise affiliated with or connected to Franklin Covey;

c.      imitating, copying, distributing, creating derivative works, or making any other infringing use of the SEE DO GET materials and/or items protected by the following copyright Certificate Registration Nos.:

| (1)  | TX8032030    |
|------|--------------|
| (2)  | TX8031921    |
| (3)  | SR0000708873 |
| (4)  | TX8033888    |
| (5)  | TX8061995    |
| (6)  | TX0007325925 |
| (7)  | TX0005906302 |
| (8)  | TX4162379    |
| (9)  | TX0002778504 |
| (10) | SR0000157998 |
| (11) | TX0005926407 |
| (12) | TX0006909847 |
| (13) | TX0007185735 |
| (14) | TX0007049916 |
| (15) | TX0007055985 |
| (16) | TX0002680685 |
| (17) | TX0005332002 |
| (18) | TX0005345444 |
| (19) | TXU000718194 |
| (20) | TXU000718852 |
| (21) | TX0004950277 |
| (22) | TX0006086702 |
| (23) | TX0004683996 |
| (24) | TX0004153816 |

2.      That an accounting be ordered and judgment rendered against Defendants for all profits received, directly or indirectly, from their use or distribution of the infringing works, and that such profits be enhanced pursuant to 15 U.S.C. § 1117(a).

3.      That judgment be entered in favor of Franklin Covey for all damages sustained on account of Defendants' infringing, deceptive, and unfair practices, and that such damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

4.      That Franklin Covey be awarded exemplary and punitive damages.

5.      That Franklin Covey recover its costs in this suit, including its reasonable attorneys' fees and expenses.

6.      That the Court enter a judgment against Defendants that Defendants have willfully infringed Franklin Covey's rights in the following federally registered copyrights, in violation of 17 U.S.C. § 501:

      a.      TX8032030, TX8031921, SR0000708873, TX8033888, TX8061995, TX0007325925, TX0005906302, TX4162379, TX0002778504, SR0000157998, TX0005926407, TX0006909847, TX0007185735, TX0007049916, TX0007055985, TX0002680685, TX0005332002, TX0005345444, TXU000718194, TXU000718852, TX0004950277, TX0006086702, TX0004683996, TX0004153816;

      b.      That the Court order Defendants to pay Franklin Covey's general, special, actual, and statutory damages, and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2).

7.     That the Court declare Bodnarczuk's United States Trademark Registration number 3,390,092 for the SEE-DO-GET PROCESS mark invalid, and cancel this registration.

8.     That Franklin Covey be awarded such other and further relief as this Court may deem just and proper.

DATED this 11th day of July, 2016.

RAY QUINNEY & NEBEKER P.C.

/s/ S. Brandon Owen
Arthur B. Berger
S. Brandon Owen

*Attorneys for Plaintiff Franklin Covey Co.*

Plaintiff's address:

Franklin Covey Co.
2200 West Parkway Blvd.
Salt Lake City, UT 84119

1378733v1